Nelson et al. *v.* Leake.

JOHN M. NELSON et al. *vs.* JOSEPH LEAKE.

The decree directing an account to be taken, should have directed, that the value of the permanent improvements put on the premises be included in the order for the account.

The complainant should account for these improvements in the property, in proportion to his interest therein.

ON appeal from the northern district chancery court at Fulton; Hon. Henry Dickinson, vice-chancellor.

The bill in this case was filed by Joseph Leake, to recover the value and the profits of three one hundredths of the value of the land and appurtenances (including a ferry across Tennessee river) of the land on which the town of Eastport, in Tishamingo county, is situated, which the complainant alleges he purchased from James E. Matthews in the year 1847. The bill charges, that the defendants, who are the joint owners of a portion of said property, have been receiving large profits since their purchase, on account of said Leake's interest in the property, and refuse to pay him any thing on account of the same. The bill prays for a division of the property, and that an account of the profits be taken and reported to the court, when the court granted the taking an account, from which decree the defendants appealed.

*R. Davis*, for plaintiffs in error.

*B. N. Kynion*, for defendant in error.

Mr. Justice YERGER delivered the opinion of the court.

The proof of the witness, Matthews, established the interest of the complainant as a tenant in common in the tract of land on which the town of Eastport is situated, to the extent of three one hundredths of the whole. No objection was taken in the court below to the deposition of Matthews, and it is too late to make any in this court. We are unable to perceive any error in the decree of the vice-chancellor directing the account, except that he has not directed an account to be taken of the value of the permanent improvements put by the defendants on that part of the property yet unsold. The complainant should account to the defendants for these improvements, in the proportion of his interest in the property. To that extent the decree of the vice-chancellor is erroneous. We therefore reverse the cause, and remand the same, with directions to the vice-chancellor to enter up a decree in conformity with the views expressed in this opinion.

Decree reversed, and cause remanded, at the cost of appellants.